## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

---------------------------------------------------

RITA CROCKER, INDIVIDUALLY AND  )
AS ADMINITRATRIX OF THE ESTATE  )
OF MEGHAN CROCKER and BRUCE E.  )    Civil Action No.:
CROCKER,                        )
        Plaintiffs,          )
                     )
     v.                        )    **COMPLAINT AND DEMAND**
                     )    **FOR JURY TRIAL**
                     )
BOSTON CHILDREN'S HOSPITAL,     )
CRAIG LILLEHEI, M.D., ROBERT C. )
CARTER, M.D., BRIAN A. JONES, M.D. )
and SUSANA WISHNIA, M.D.        )
                     )
        Defendants.          )
---------------------------------------------------  )

### PARTIES

1.    Rita Crocker is an adult individual who resides at 5 Fisher Drive, Epping, Rockingham County, New Hampshire 03042, is the natural mother of Meghan Crocker and duly appointed Administratrix of the Estate of Meghan Crocker

2.    Bruce E. Crocker is an adult who resides at 5 Fisher Drive, Epping, Rockingham County, New Hampshire 03042 and is the natural father of Meghan Crocker.

3.    The Defendant, Boston Children's Hospital, is a duly organized Massachusetts entity providing medical services to the public with a primary place of business located at 300 Longwood Avenue, Boston, Suffolk County, Massachusetts 02115.

4.    The Defendant, Craig Lillehei, M.D., was a physician providing medical services at Boston Children's Hospital located at 300 Longwood Avenue, Boston, Suffolk County, Massachusetts 02115 at all relevant times herein.

5.    The Defendant, Robert C. Carter, M.D., was a physician providing medical services at Boston Children's Hospital located at 300 Longwood Avenue, Boston, Suffolk County, Massachusetts 02115 at all relevant times herein.

6.    The Defendant, Brian A. Jones, M.D., was a physician providing medical services at Boston Children's Hospital located at 300 Longwood Avenue, Boston, Suffolk County, Massachusetts 02115 at all relevant times herein.

7.     The Defendant, Susana Wishnia, M.D., was a physician providing medical services at Boston Children's Hospital located at 300 Longwood Avenue, Boston, Suffolk County, Massachusetts 02115 at all relevant times herein.

8.     At all relevant times the Defendants, Dr. Lillehei, Dr. Carter, Dr. Jones and Dr. Wishnia acted within the scope and course of their employment as servants, agents and/or employees of the Defendant, Boston Children's Hospital and for whose conduct Boston Children's Hospital was responsible.

## JURISDICTION

9.     The Defendants at all relevant times were engaged in the practice of medicine in Massachusetts and are subject to the personal jurisdiction of this Court.

10.    The District Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1332 since there is complete diversity of citizenship between the Plaintiff and each Defendant and the amount in controversy exceeds $75,000.00.  Venue is proper in the District Court pursuant to 28 U.S.C. § 1391 since the Defendants are a Massachusetts entity with its principle business of business in Boston, Massachusetts and/or were physicians practicing medicine in Massachusetts.

## INTRODUCTORY STATEMENT

11.    This is a wrongful death action brought by the Plaintiff, Rita Crocker, as the mother and Adminstratrix of the Estate of her deceased daughter, Meghan Crocker, on behalf of the Estate of Meghan Crocker and individually as the decedent's natural mother and by her natural father, Bruce E. Becker.

## FACTS

12.    On or about February 20, 2010, Meghan Crocker was a back seat belted passenger in a car driven by her sister, Heather Crocker.  At approximately 11:45 P.M., the vehicle was involved in a single car accident with a tree.  There was severe damage to the front of the vehicle.

13.    As a consequence of the accident, Meghan Crocker suffered severe internal injuries and was transported to Exeter Hospital in Exeter, New Hampshire by ambulance.

14.    While a patient at Exeter Hospital, Meghan Crocker was examined and treated.  She had an abdominal CT performed and reviewed by the radiologist, Dr. Jonathan P. Vaccaro.

2

15. According to the CT report, the doctor found 1. free fluid suspicious for hemorrhage. Possible small splenic laceration seen only on one image and 2. presumed focal fat within the liver near the falciform ligament.

16. Exeter Hospital then had Meghan Crocker transferred to Boston Children's Hospital out of concern for her splenic laceration.

17. Meghan Crocker arrived at Boston Children's Hospital at approximately 4:57 A.M. on February 21, 2012.  She was seen in the emergency department and then transferred to another floor of the hospital.

18. The physicians at Boston Children's Hospital received and reviewed the abdominal CT images that were done at Exeter Hospital.  Initially, the emergency room physician, Dr. Robert C. Carter, who was not a radiologist, misread the CT images and determined the decedent had a spleen and liver laceration, which she did not. Additionally, there was an order for a review of the abdominal CT images entered the early morning of February 21, 2010.

19. According to the hospital records, the only report reflecting a review of the CT images by a radiologist is dated February 21, 2010 at 12:56 P.M. This report states that it is a retrospective interpretation of the images and it is identified as a revised report dated March 4, 2010, twelve days after the decedent's death which occurred on February 23, 2010.

20. The CT revised report indicates the patient had severe internal injuries necessitating emergency surgical intervention.  This CT report indicated severe internal injuries which were ignored and/or not properly acted upon by the Defendants who were responsible for the decedent's care.  Instead of doing a repeat abdominal CT and/or an exploratory surgery to identify and correct the internal injuries, the Defendants waited and delayed in doing the surgery.  By the time surgery commenced, the decedent's internal injuries had continued to worsen resulting in a severe state of acidosis and sepsis and ultimately the decedent's death at the age of 13.

21. No surgery was performed until the morning of February 22, 2010, after Meghan Crocker coded several times and no additional abdominal CT studies were ordered in the interim.

22. During the exploratory surgery, the surgeon found intraabdominal catastrophe, extensive blood in the abdomen, no lacerations of the spleen or liver, liquefied necrotic small bowel segments, mesenteric tears, and significant coagulopathy and acidosis indicating the patient had been suffering from these internal injuries since the time of the accident on February 20, 2010.

23. Unfortunately, Meghan Crocker coded again after the surgery and was pronounced dead on February 23, 2010 at 11:45 P.M.

24. An autopsy was performed which concluded that Meghan Crocker died as a result of blunt impact injuries of torso, which included an abrasion of the abdomen, contusion of

abdomen/pelvis, a laceration of small bowel (anamnestic) (1. Status post surgical repair 2. Acute peritonitis with sepsis) and blunt impact injuries of extremities, which included contusions of right lower extremity.

25.    As a result of the combined negligence of the physicians at Boston Children's Hospital, Meghan Crocker was caused to suffer and died and her legal heirs have been caused to suffer the loss of her consortium.


### COUNT I –
### NEGLIGENCE AGAINST DEFENDANT, BOSTON CHILDREN'S HOSPITAL BY RITA CROCKER, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF MEGHAN CROCKER

26.    Plaintiffs repeat and restate the allegations contained in paragraphs 1 through 25 and incorporate said allegations herein by reference.

27.    At all relevant times the Defendant, Boston Children's Hospital, held itself out to the general public as a hospital capable of providing appropriate medical care and treatment to patients and accepted Meghan Crocker as a patient.

28.    From on or about February 21, 2010, the Defendant, Boston Children's Hospital, its servants, agents and/or employees provided negligent and careless medical care to Meghan Crocker, including but not limited to, the following:

  a.  Failure to order and obtain new abdominal CT scan;
  b.  Failure to promptly assist and report a review of the abdominal CT scans taken at Exeter Hospital;
  c.  Failure to recognize the extent of  Meghan Crocker's injuries in a timely manner;
  d.  Failure to promptly conduct exploratory surgery in order to determine and correct Meghan Crocker's internal injuries;
  e.  Failure to properly monitor and treat Meghan Crocker;
  f.  Failure to recognize the severity of her internal injuries; and
  g.  Failure to recognize and act upon the CT findings reported by the radiologist at 12:56 P.M. on 2/22/10.

29.    As a direct and proximate result of the negligence and carelessness of the Defendant, Boston Children's Hospital, as hereinabove set forth, Meghan Crocker was caused to suffer and die.

       WHEREFORE, the Plaintiff, Rita Crocker, individually and as Administratrix of the Estate of Meghan Crocker demands judgment against the Defendant, Boston Children's Hospital, in an amount that this Honorable Court shall deem just and proper, together with attorney's fees, costs, interest and punitive damages.

## COUNT II –
## NEGLIGENCE AGAINST DEFENDANT, BOSTON CHILDREN'S HOSPITAL
## BY BRUCE E. CROCKER

30.  Plaintiffs repeat and restate the allegations contained in paragraphs 1 through 29 and incorporate said allegations herein by reference.

31.  At all relevant times the Defendant, Boston Children's Hospital, held itself out to the general public as a hospital capable of providing appropriate medical care and treatment to patients and accepted Meghan Crocker as a patient.

32.  From on or about February 21, 2010, the Defendant, Boston Children's Hospital, its servants, agents and/or employees provided negligent and careless medical care to Meghan Crocker, including, but not limited to, the following:

   a.  Failure to order and obtain new abdominal CT scan;
   b.  Failure to promptly assist and report a review of the abdominal CT scans taken at Exeter Hospital;
   c.  Failure to recognize the extent of Meghan Crocker's injuries in a timely manner;
   d.  Failure to promptly conduct exploratory surgery in order to determine and correct Meghan Crocker's internal injuries;
   e.  Failure to properly monitor and treat Meghan Crocker;
   f.  Failure to recognize the severity of her internal injuries; and
   g.  Failure to recognize and act upon the CT findings reported by the radiologist at 12:56 P.M. on 2/22/10.

33.  As a direct and proximate result of the negligence and carelessness of the Defendant, Boston Children's Hospital, as hereinabove set forth, Meghan Crocker was caused to suffer and die.

WHEREFORE, the Plaintiff, Bruce E. Crocker, individually demands judgment against the Defendant, Boston Children's Hospital, in an amount that this Honorable Court shall deem just and proper, together with attorney's fees, costs, interest and punitive damages.

## COUNT III –
## WRONGFUL DEATH AGAINST DEFENDANT, BOSTON CHILDREN'S HOSPITAL
## BY RITA CROCKER, INDIVIDUALLY AND AS ADMINISTRATRIX OF
## THE ESTATE OF MEGHAN CROCKER

34.  Plaintiffs repeat and restate the allegations contained in paragraphs 1 through 33 and incorporate said allegations herein by reference.

35.  As a direct and proximate result of the gross negligence and recklessness of the Defendant, Boston Children's Hospital, the decedent, Meghan Crocker was caused to

suffer and die.  The legal heirs of Meghan Crocker are entitled to the fair monetary value of the decedent, including, but not limited to: conscious pain and suffering, compensation for loss of services, protection, care, assistance, society, companionship, comfort, guidance, counsel and advice of the decedent and to her reasonable medical, funeral and burial expenses incurred pursuant to Massachusetts General Laws C. 229, § 2.

WHEREFORE, the Plaintiff, Rita Crocker, individually and as Administratrix of the Estate of Meghan Crocker demands judgment against the defendant, Boston Children's Hospital, in an amount that this Honorable Court shall deem just and proper, together with attorneys fees, costs, interest and punitive damages.


## COUNT IV –
## NEGLIGENCE AGAINST DEFENDANT, CRAIG LILLEHEI, M.D. BY RITA CROCKER, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF MEGHAN CROCKER

36.   Plaintiffs repeat and restate the allegations contained in paragraphs 1 through 35 and incorporate said allegations herein by reference.

37.   At all relevant times the Defendant, Craig Lillehei, M.D., held himself out to the general public as a medical provider capable of providing appropriate medical care and treatment to patients and accepted Meghan Crocker as a patient.

38.   From on or about February 21, 2010, the Defendant, Craig Lillehei, M.D., negligently and carelessly cared for Meghan Crocker including, but not limited to, the following:

   a.   Failure to order and obtain new abdominal CT scan;
   b.   Failure to promptly assist and report a review of the abdominal CT scans taken at Exeter Hospital;
   c.   Failure to recognize the extent of  Meghan Crocker's injuries in a timely manner;
   d.   Failure to promptly conduct exploratory surgery in order to determine and correct Meghan Crocker's internal injuries;
   e.   Failure to properly monitor and treat Meghan Crocker;
   f.   Failure to recognize the severity of her internal injuries; and
   g.   Failure to recognize and act upon the CT findings reported by the radiologist at 12:56 P.M. on 2/22/10.

39.   As a direct and proximate result of the negligence and carelessness of the Defendant, Craig Lillehei, M.D., as hereinabove set forth, Meghan Crocker was caused to suffer and die.

WHEREFORE, the Plaintiff, Rita Crocker, individually and as Administratrix of the Estate of Meghan Crocker, demands judgment against the Defendant, Craig Lillehei, M.D., in an

amount that this Honorable Court shall deem just and proper, together with attorney's fees, costs, interest and punitive damages.


## COUNT V –
## NEGLIGENCE AGAINST DEFENDANT, CRAIG LILLEHEI, M.D.
## BY BRUCE E. CROCKER

40.     Plaintiffs repeat and restate the allegations contained in paragraphs 1 through 39 and incorporate said allegations herein by reference.

41.     At all relevant times the Defendant, Craig Lillehei, M.D., held himself out to the general public as a medical provider capable of providing appropriate medical care and treatment to patients and accepted Meghan Crocker as a patient.

42.     From on or about February 21, 2010, the Defendant, Craig Lillehei, M.D., negligently and carelessly cared for Meghan Crocker including, but not limited to, the following:

   a.  Failure to order and obtain new abdominal CT scan;
   b.  Failure to promptly assist and report a review of the abdominal CT scans taken at Exeter Hospital;
   c.  Failure to recognize the extent of  Meghan Crocker's injuries in a timely manner;
   d.  Failure to promptly conduct exploratory surgery in order to determine and correct Meghan Crocker's internal injuries;
   e.  Failure to properly monitor and treat Meghan Crocker;
   f.  Failure to recognize the severity of her internal injuries; and
   g.  Failure to recognize and act upon the CT findings reported by the radiologist at 12:56 P.M. on 2/22/10.

43.     As a direct and proximate result of the negligence and carelessness of the Defendant, Craig Lillehei, M.D., as hereinabove set forth, Meghan Crocker was caused to suffer and die.

        WHEREFORE, the Plaintiff, Bruce E. Becker, demands judgment against the Defendant, Craig Lillehei, M.D., in an amount that this Honorable Court shall deem just and proper, together with attorney's fees, costs, interest and punitive damages.


## COUNT VI –
## WRONGFUL DEATH AGAINST DEFENDANT, CRAIG LILLEHEI, M.D. BY RITA
## CROCKER, INDIVIDUALLY AND AS ADMINISTRATRIX OF
## THE ESTATE OF MEGHAN CROCKER

44.     Plaintiffs repeat and restate the allegations contained in paragraphs 1 through 43 and incorporate said allegations herein by reference.

45.     As a direct and proximate result of the gross negligence and recklessness of the defendant, Craig Lillehei, M.D., the decedent, Meghan Crocker was caused to suffer and die.  The legal heirs of Meghan Crocker are entitled to the fair monetary value of the decedent, including, but not limited to: conscious pain and suffering, compensation for loss of services, protection, care, assistance, society, companionship, comfort, guidance, counsel and advice of the decedent and to her reasonable medical, funeral and burial expenses incurred pursuant to Massachusetts General Laws C. 229, § 2.

        WHEREFORE, the Plaintiff, Rita Crocker, individually and as Administratrix of the Estate of Meghan Crocker, demands judgment against the Defendant, Craig Lillehei, M.D,, in an amount that this Honorable Court shall deem just and proper, together with attorney's fees, costs, interest and punitive damages.


## COUNT VII –
## NEGLIGENCE AGAINST DEFENDANT, ROBERT C. CARTER, M.D. BY RITA CROCKER, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF MEGHAN CROCKER

46.     Plaintiffs repeat and restate the allegations contained in paragraphs 1 through 45 and incorporate said allegations herein by reference.

47.     At all relevant times the Defendant, Robert C. Carter, M.D., held himself out to the general public as a medical provider capable of providing appropriate medical care and treatment to patients and accepted Meghan Crocker as a patient.

48.     From on or about February 21, 2010, the Defendant, Robert C. Carter, M.D., negligently and carelessly cared for Meghan Crocker including, but not limited to, the following:

        a.  Failure to order and obtain new abdominal CT scan;
        b.  Failure to promptly assist and report a review of the abdominal CT scans taken at Exeter Hospital;
        c.  Failure to recognize the extent of  Meghan Crocker's injuries in a timely manner;
        d.  Failure to promptly conduct exploratory surgery in order to determine and correct Meghan Crocker's internal injuries;
        e.  Failure to properly monitor and treat Meghan Crocker;
        f.  Failure to recognize the severity of her internal injuries; and
        g.  Failure to recognize and act upon the CT findings reported by the radiologist at 12:56 P.M. on 2/22/10.

49.     As a direct and proximate result of the negligence and carelessness of the Defendant, Robert C. Carter, M.D., as hereinabove set forth, Meghan Crocker was caused to suffer and die.

WHEREFORE, the Plaintiff, Rita Crocker, individually and as Administratrix of the Estate of Meghan Crocker, demands judgment against the Defendant, Robert C. Carter, M.D., in an amount that this Honorable Court shall deem just and proper, together with attorney's fees, costs, interest and punitive damages.

## COUNT VIII –
## NEGLIGENCE AGAINST DEFENDANT, ROBERT C. CARTER, M.D.
## BY BRUCE E. CROCKER

50.     Plaintiffs repeat and restate the allegations contained in paragraphs 1 through 49 and incorporate said allegations herein by reference.

51.     At all relevant times the Defendant, Robert C. Carter, M.D., held himself out to the general public as a medical provider capable of providing appropriate medical care and treatment to patients and accepted Meghan Crocker as a patient.

52.     From on or about February 21, 2010, the Defendant, Robert C. Carter, M.D., negligently and carelessly cared for Meghan Crocker including, but not limited to, the following:

   a.   Failure to order and obtain new abdominal CT scan;
   b.   Failure to promptly assist and report a review of the abdominal CT scans taken at Exeter Hospital;
   c.   Failure to recognize the extent of  Meghan Crocker's injuries in a timely manner;
   d.   Failure to promptly conduct exploratory surgery in order to determine and correct Meghan Crocker's internal injuries;
   e.   Failure to properly monitor and treat Meghan Crocker;
   f.   Failure to recognize the severity of her internal injuries; and
   g.   Failure to recognize and act upon the CT findings reported by the radiologist at 12:56 P.M. on 2/22/10.

53.     As a direct and proximate result of the negligence and carelessness of the Defendant, Robert C. Carter, M.D., as hereinabove set forth, Meghan Crocker was caused to suffer and die.

WHEREFORE, the Plaintiff, Bruce E. Crocker, demands judgment against the Defendant, Robert C. Carter, M.D., in an amount that this Honorable Court shall deem just and proper, together with attorney's fees, costs, interest and punitive damages.

**COUNT IX –**
**WRONGFUL DEATH AGAINST DEFENDANT, ROBERT C. CARTER, M.D. BY RITA**
**CROCKER, INDIVIDUALLY AND AS ADMINISTRATRIX OF**
**THE ESTATE OF MEGHAN CROCKER**

54.     Plaintiffs repeat and restate the allegations contained in paragraphs 1 through 53 and
        incorporate said allegations herein by reference.

55.     As a direct and proximate result of the gross negligence and recklessness of the
        defendant, Robert C. Carter, M.D., the decedent, Meghan Crocker was caused to suffer
        and die.  The legal heirs of Meghan Crocker are entitled to the fair monetary value of the
        decedent, including, but not limited to: conscious pain and suffering, compensation for
        loss of services, protection, care, assistance, society, companionship, comfort, guidance,
        counsel and advice of the decedent and to her reasonable medical, funeral and burial
        expenses incurred pursuant to Massachusetts General Laws C. 229, § 2.

        WHEREFORE, the Plaintiff, Rita Crocker, individually and as Administratrix of the
Estate of Meghan Crocker, demands judgment against the Defendant, Robert C. Carter, M.D., in
an amount that this Honorable Court shall deem just and proper, together with attorney's fees,
costs, interest and punitive damages.

**COUNT X –**
**NEGLIGENCE AGAINST DEFENDANT, BRIAN A. JONES, M.D. BY RITA**
**CROCKER, INDIVIDUALLY AND AS ADMINISTRATRIX OF**
**THE ESTATE OF MEGHAN CROCKER**

56.     Plaintiffs repeat and restate the allegations contained in paragraphs 1 through 55 and
        incorporate said allegations herein by reference.

57.     At all relevant times the Defendant, Brian A. Jones, M.D., held himself out to the general
        public as a medical provider capable of providing appropriate medical care and treatment
        to patients and accepted Meghan Crocker as a patient.

58.     From on or about February 21, 2010, the Defendant, Brian A. Jones, M.D., negligently
        and carelessly cared for Meghan Crocker including, but not limited to, the following:

        a.  Failure to order and obtain new abdominal CT scan;
        b.  Failure to promptly assist and report a review of the abdominal CT scans taken at
            Exeter Hospital;
        c.  Failure to recognize the extent of  Meghan Crocker's injuries in a timely manner;
        d.  Failure to promptly conduct exploratory surgery in order to determine and correct
            Meghan Crocker's internal injuries;
        e.  Failure to properly monitor and treat Meghan Crocker;
        f.  Failure to recognize the severity of her internal injuries; and

g.  Failure to recognize and act upon the CT findings reported by the radiologist at 12:56 P.M. on 2/22/10.

59.  As a direct and proximate result of the negligence and carelessness of the Defendant, Brian A. Jones, M.D., as hereinabove set forth, Meghan Crocker was caused to suffer and die.

WHEREFORE, the Plaintiff, Rita Crocker, individually and as Administratrix of the Estate of Meghan Crocker, demands judgment against the Defendant, Brian A. Jones, M.D., in an amount that this Honorable Court shall deem just and proper, together with attorney's fees, costs, interest and punitive damages.


## COUNT XI – NEGLIGENCE AGAINST DEFENDANT, BRIAN A. JONES, M.D. BY BRUCE E. CROCKER

60.  Plaintiffs repeat and restate the allegations contained in paragraphs 1 through 59 and incorporate said allegations herein by reference.

61.  At all relevant times the Defendant, Brian A. Jones, M.D., held himself out to the general public as a medical provider capable of providing appropriate medical care and treatment to patients and accepted Meghan Crocker as a patient.

62.  From on or about February 21, 2010, the Defendant, Brian A. Jones, M.D., negligently and carelessly cared for Meghan Crocker including, but not limited to, the following:

a.  Failure to order and obtain new abdominal CT scan;
b.  Failure to promptly assist and report a review of the abdominal CT scans taken at Exeter Hospital;
c.  Failure to recognize the extent of  Meghan Crocker's injuries in a timely manner;
d.  Failure to promptly conduct exploratory surgery in order to determine and correct Meghan Crocker's internal injuries;
e.  Failure to properly monitor and treat Meghan Crocker;
f.  Failure to recognize the severity of her internal injuries; and
g.  Failure to recognize and act upon the CT findings reported by the radiologist at 12:56 P.M. on 2/22/10.

63.  As a direct and proximate result of the negligence and carelessness of the Defendant, Brian A. Jones, M.D., as hereinabove set forth, Meghan Crocker was caused to suffer and die.

WHEREFORE, the Plaintiff, Bruce E. Crocker, demands judgment against the Defendant, Brian A. Jones, M.D., in an amount that this Honorable Court shall deem just and proper, together with attorney's fees, costs, interest and punitive damages.

11

**COUNT XII –**
**WRONFUL DEATH AGAINST DEFENDANT, BRIAN A. JONES, M.D. BY RITA**
**CROCKER, INDIVIDUALLY AND AS ADMINISTRATRIX OF**
**THE ESTATE OF MEGHAN CROCKER**

64.     Plaintiffs repeat and restate the allegations contained in paragraphs 1 through 63 and
incorporate said allegations herein by reference.

65.     As a direct and proximate result of the gross negligence and recklessness of the
defendant, Brian A. Jones, M.D., the decedent, Meghan Crocker was caused to suffer and
die.  The legal heirs of Meghan Crocker are entitled to the fair monetary value of the
decedent, including, but not limited to: conscious pain and suffering, compensation for
loss of services, protection, care, assistance, society, companionship, comfort, guidance,
counsel and advice of the decedent and to her reasonable medical, funeral and burial
expenses incurred pursuant to Massachusetts General Laws C. 229, § 2.

        WHEREFORE, the Plaintiff, Rita Crocker, individually and as Administratrix of the
Estate of Meghan Crocker, demands judgment against the Defendant, Brian A. Jones, M.D., in
an amount that this Honorable Court shall deem just and proper, together with attorney's fees,
costs, interest and punitive damages.


**COUNT XIII –**
**NEGLIGENCE AGAINST DEFENDANT, SUSANA WISHNIA, M.D. BY RITA**
**CROCKER, INDIVIDUALLY AND AS ADMINISTRATRIX OF**
**THE ESTATE OF MEGHAN CROCKER**

66.     Plaintiffs repeat and restate the allegations contained in paragraphs 1 through 65 and
incorporate said allegations herein by reference.

67.     At all relevant times the Defendant, Susana Wishnia, M.D., held herself out to the general
public as a medical provider capable of providing appropriate medical care and treatment
to patients and accepted Meghan Crocker as a patient.

68.     From on or about February 21, 2010, the Defendant, Susana Wishnia, M.D., negligently
and carelessly cared for Meghan Crocker including, but not limited to, the following:

        a.   Failure to order and obtain new abdominal CT scan;
        b.   Failure to promptly assist and report a review of the abdominal CT scans taken at
             Exeter Hospital;
        c.   Failure to recognize the extent of  Meghan Crocker's injuries in a timely manner;
        d.   Failure to promptly conduct exploratory surgery in order to determine and correct
             Meghan Crocker's internal injuries;
        e.   Failure to properly monitor and treat Meghan Crocker;

     f.   Failure to recognize the severity of her internal injuries; and

     g.   Failure to recognize and act upon the CT findings reported by the radiologist at 12:56 P.M. on 2/22/10.

69.     As a direct and proximate result of the negligence and carelessness of the Defendant, Susana Wishnia, M.D., as hereinabove set forth, Meghan Crocker was caused to suffer and die.

     WHEREFORE, the Plaintiff, Rita Crocker, individually and as Administratrix of the Estate of Meghan Crocker, demands judgment against the Defendant, Susana Wishnia, M.D., in an amount that this Honorable Court shall deem just and proper, together with attorney's fees, costs, interest and punitive damages.

## COUNT XIV –
## NEGLIGENCE AGAINST DEFENDANT, SUSANA WISHNIA, M.D.
## BY BRUCE E. CROCKER

70.     Plaintiffs repeat and restate the allegations contained in paragraphs 1 through 69 and incorporate said allegations herein by reference.

71.     At all relevant times the Defendant, Susana Wishnia, M.D., held herself out to the general public as a medical provider capable of providing appropriate medical care and treatment to patients and accepted Meghan Crocker as a patient.

72.     From on or about February 21, 2010, the Defendant, Susana Wishnia, M.D., negligently and carelessly cared for Meghan Crocker including, but not limited to, the following:

     a.   Failure to order and obtain new abdominal CT scan;

     b.   Failure to promptly assist and report a review of the abdominal CT scans taken at Exeter Hospital;

     c.   Failure to recognize the extent of  Meghan Crocker's injuries in a timely manner;

     d.   Failure to promptly conduct exploratory surgery in order to determine and correct Meghan Crocker's internal injuries;

     e.   Failure to properly monitor and treat Meghan Crocker;

     f.   Failure to recognize the severity of her internal injuries; and

     g.   Failure to recognize and act upon the CT findings reported by the radiologist at 12:56 P.M. on 2/22/10.

73.     As a direct and proximate result of the negligence and carelessness of the Defendant, Susana Wishnia, M.D., as hereinabove set forth, Meghan Crocker was caused to suffer and die.

WHEREFORE, the Plaintiff, Bruce E. Crocker, demands judgment against the Defendant, Susana Wishnia, M.D., in an amount that this Honorable Court shall deem just and proper, together with attorney's fees, costs, interest and punitive damages.


## COUNT XV –
## WRONFUL DEATH AGAINST DEFENDANT, SUSANA WISHNIA, M.D. BY RITA CROCKER, INDIVIDUALLY AND AS ADMINISTRATRIX OF THE ESTATE OF MEGHAN CROCKER

74.     Plaintiffs repeat and restate the allegations contained in paragraphs 1 through 73 and incorporate said allegations herein by reference.

75.     As a direct and proximate result of the gross negligence and recklessness of the defendant, Susana Wishnia, M.D., the decedent, Meghan Crocker was caused to suffer and die.  The legal heirs of Meghan Crocker are entitled to the fair monetary value of the decedent, including, but not limited to: conscious pain and suffering, compensation for loss of services, protection, care, assistance, society, companionship, comfort, guidance, counsel and advice of the decedent and to her reasonable medical, funeral and burial expenses incurred pursuant to Massachusetts General Laws C. 229, § 2.

WHEREFORE, the Plaintiff, Rita Crocker, individually and as Administratrix of the Estate of Meghan Crocker, demands judgment against the Defendant, Susana Wishnia, M.D., in an amount that this Honorable Court shall deem just and proper, together with attorney's fees, costs, interest and punitive damages.


### PLAINTIFFS DEMAND TRIAL BY JURY ON ALL COUNTS


Respectfully Submitted,
The Plaintiffs,
By Their Attorney,


*/s/ David P. Angueira*
David P. Angueira, Esq.
BBO No.: 019610
Swartz & Swartz, P.C.
10 Marshall Street
Boston, MA 01208
(617) 742-1900

Dated:  September 24, 2012